Robert D. Crangle Lincoln County Attorney 116 S. 4th Street Lincoln, Kansas 67455-0036
Dear Mr. Crangle:
As Lincoln County Attorney, you request our opinion regarding whether a petition seeking to bring an issue before the electorate proposes more than a single issue or proposition.
On March 24, 2000, petitioners submitted to you a petition seeking to bring before the electorate in Lincoln County a question regarding repeal of a tax on gross earnings derived from money, notes and other evidence of debt. The petition is in the following form:
"I, the undersigned, a registered elector of __________, Kansas, having personally signed, hereinbelow and printed my correct residential address after my name, request that the following question be placed on the ballot at the next general election in which electors of __________, Kansas are eligible to participate, to wit:
"`Shall [sic] eliminate the tax on gross earnings derived from money, notes and other evidence of debt and be authorized to impose and levy property taxes, in addition to any aggregate levy amount limitation on the taxing subdivision's ad valorem tax levy authority, as may be necessary to offset the revenue lost from elimination of the tax on gross earnings derived from money, notes and other evidence of debt?'"
The petition then contains a grid with headings for date, printed name, signature, and residential address.
In accordance with K.S.A. 25-3601, you issued an opinion to the petitioners, noting a number of deficiencies with the petition. One issue raised in your opinion was whether the petition proposed more than a single issue or proposition. In your opinion, you stated "[t]he petition could run afoul of the `one issue at a time' statute. On the face of it, three things are sought. It would repeal one tax; it would provide authority for raising another tax; and it would provide authority to exceed a hypothetical tax lid (there is no lid today). . . ."
K.S.A. 25-3601 states in part:
"When under the laws of this state a petition is required or authorized as a part of the procedure applicable . . . to any county, . . . the provisions of this act shall apply, except as is otherwise specifically provided in the statute providing for such petition. . . . When any statute makes specific provisions concerning matters that K.S.A. 25-3601et seq. and amendments thereto also has requirements which are different therefrom, the provisions of the specific statute shall control. . . ."
Therefore, a petition seeking to bring an issue before the electorate must meet the requirements of K.S.A. 25-3601 et seq. as well as any requirements set forth in the statute authorizing the petition, except to the extent there is a conflict.[1] Among the requirements set forth in K.S.A. 25-3601 et seq. are that "[e]ach petition . . . consist of one or more documents pertaining to a single issue or proposition under one distinctive title" and that the petition "[s]tate the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620 and amendments thereto. . . ."[2]
The petition regarding repeal of the gross earnings tax on money, notes and other evidence of debt is authorized under K.S.A. 12-1,101.
"(e) On or after January 1, 1983, upon submission of a petition which is in conformance with the provisions of article 36 of chapter 25 of the Kansas Statutes Annotated, and amendments thereto, and is signed by not less than 5% of the qualified electors of a county . . . levying a tax under the provisions of this act requesting the same, the governing body of such taxing subdivision shall be required to submit to the electors of such taxing subdivision at the next state general election or general election held for the election of officers of such taxing subdivision a proposition which shall be placed on the ballot in substantially the following form: 'Shall __________ (county) . . . eliminate the tax ongross earnings derived from money, notes and other evidence of debt andbe authorized to impose and levy property taxes, in addition to anyaggregate levy amount limitation on the taxing subdivision's ad valoremtax levy authority, as may be necessary to offset the revenue lost fromelimination of the tax on gross earnings derived from money, notes andother evidence of debt?' Any such election shall be noticed, called and conducted in the manner prescribed in the general bond law. . . ."[3]
K.S.A. 12-1,101 sets forth the question as it is to appear on the ballot. The question set forth in K.S.A. 12-1,101 includes provisions regarding elimination of the tax on gross earnings, authorization to impose and levy a new tax, and authorization to exceed any aggregate tax levy amount limitation. Pursuant to the requirements of K.S.A. 25-3602, the question set forth in K.S.A. 12-1,101 must be included in the petition authorized under K.S.A. 12-1,101. The question set forth in the petition submitted by petitioners in Lincoln County is substantially in the form set forth in K.S.A. 12-1,101. Because K.S.A. 12-1,101 makes a specific provision,[4] it is not necessary to determine whether the question pertains to a single issue or proposition.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] See Attorney General Opinions No. 94-95; 92-103.
[2] K.S.A. 25-3602 (emphasis added).
[3] K.S.A. 12-1,101 (emphasis added).
[4] See Attorney General Opinion No. 90-64.